UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE: GEORGE HUTCHINSON,

Debtor,

Case No. 08-43851
Chapter 13
Hon. Thomas J. Tucker

_________________________________/

Hardin & Associates, P.C. and Kenneth J. Hardin II,

Plaintiffs,

Adversary Proceeding

Vs.

George Hutchinson,

Defendant.
_________________________________/

Douglas Moseley (P30678)
Attorney for Plaintiff
30150 Telegraph Road
Suite 345
Bingham Farms, MI 48025
(248) 723-9900

Robert Reed (P30591)
Attorney for the Defendant
220 W Congress, 2nd Floor
Detroit MI 48226
(313) 961-7258
_________________________________/

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF INDEBTEDNESS PURSUANT TO 11 USC § 523 AND FOR OTHER RELIEF**

NOW COMES Plaintiff, Hardin & Associates, P.C. and Kenneth J. Hardin II through counsel, and for their Complaint To Determine Dischargeability Of Indebtedness Pursuant to 11 USC §523 and For Other Relief, states as follows:

## General Averments

1. This is a Complaint to determine the dischargeability of certain indebtedness owed to the Plaintiffs by the Debtor.

2. This Complaint is filed pursuant to Rules 4007(a) and 7001(6) of the Rules of Bankruptcy Procedure.

3. This Court has jurisdiction in this Adversarial Proceeding pursuant to 28 U.S.C. § 157 and § 1334 since this proceeding arises out of the above-captioned Chapter 13 Case currently pending in this Federal Judicial District.

4. This adversarial proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

5. The Plaintiff Hardin & Associates, P.C., is a professional corporation located in the State of Michigan, with its principal place of business located in Bingham Farms, Michigan.

6. Plaintiff Kenneth J. Hardin II, is an individual and principal of Hardin & Associates, P.C., with his principal place of residence in Bloomfield Hills, Michigan.

7. Defendant, Debtor George Hutchinson, is an individual with his principal place of residence located in West Bloomfield, Michigan.

8. On February 20, 2008, Defendant commenced this bankruptcy by filing a voluntary petition with this Court under Chapter 13 of the Bankruptcy Code.

9. Defendant is indebted to Plaintiff as more fully described herein.

10. The debt is non-dischargeable pursuant to 11 USC §523(a)(2)(A) of the the Bankruptcy Code.

## Factual Allegations

11. Plaintiff hereby incorporates and adopts by reference Paragraphs 1 through 10 as if fully set forth herein.

12. Between March 16, 2007, and July 2, 2007, Defendant George Hutchinson individually and as principal of his businesses Renaissance Management Group and Renaissance Group and Management, Inc., requested, and Plaintiffs delivered, legal counsel and services on an open account, at the rate of $275.00 per hour, and Defendant promised to pay for them.

13. On June 25, 2007, George Hutchinson as principal for Renaissance Management Group and Renaissance Group & Management, Inc., wrote a check in the amount of $14,022.58 for partial payment of legal fees owed to the Plaintiffs. This check was returned for non-sufficient funds. (Exhibit "A")

14. On June 29, 2007 Defendant George Hutchinson as principal for Renaissance Management Group and Renaissance Group & Management, Inc., wrote a check for $14,022.58 to replace the June 25, 2007 check. That check was returned for non-sufficient funds. (Exhibit "B")

15. On July 3, 2007, Defendant George Hutchinson as principal for Renaissance Management Group and Renaissance Group and Management, Inc., wrote a third check in the amount of $18,039.58 which was to replace the previous two checks and pay additional costs incurred as a result of the prior two bounced checks. This check was returned for having non-sufficient funds. (Exhibit "C")

16. That the Defendant conspired with Leon D. Sweatt and Sharon Sweatt and induced them to draft a check to the Plaintiff's in the amount of $18,039.58,

knowing that there were insufficient funds to cover the check and said check was returned by the bank for insufficient funds. (Exhibit "D")

17. Defendant's failure to honor his checks is a violation of the Michigan Penal Code, M.C.L.A. 750.131 et al.

18. Plaintiffs sued the Defendant for issuance of a bad check pursuant to MCLA 600.2952(4) and for breach of contract.

19. Plaintiffs received a default judgment against the Defendant in the amount of $54,268.74 on September 18, 2007, in the Oakland County Circuit Court. (Exhibit "E")

20. On October 26, 2007, the parties entered into a Settlement Agreement to address payment of the default judgment, which stated in part:

> *"Defendants hereby acknowledge that the Judgment entered in favor of Hardin and against the Defendants in the amount of $54,268.74 is valid and enforceable. Said Judgment was properly served, noticed and entered and Defendants have no meritorious defense to the judgment."* (See Attached Exhibit "F")

21. The Settlement Agreement proposed a monthly payment of a portion of the judgment in full settlement of the debt.

22. Defendant defaulted on the Settlement Agreement immediately after executing same.

23. That the Defendant transferred all assets of his businesses Renaissance Group & Management and Renaissance Group Management, Inc. to Renaissance Group Management, II, LLC on or about May 3, 2007.

24. That on or about December 5, 2007, the Defendant wrote a check in the amount of $2,000.00 for partial payment of the outstanding legal fees to the Plaintiffs. The check was returned for non-sufficient funds. (See attached Exhibit "G")

25. Defendant's failure to honor his checks is a violation of the Michigan Penal Code, M.C.L.A. 750.131 et al.

26. Plaintiffs sued the Defendant for issuance of a bad check pursuant to MCLA 600.2952(4) and the court granted the Plaintiff a default judgment in the amount of $6,390.00.

## Count I
## Fraud/Misrepresentation

27. Plaintiff hereby incorporates and adopts by reference Paragraphs 1 through 26 as if fully set forth herein.

28. Defendant intentionally made false representations of material facts to Plaintiff as follows:

a. The Defendant would compensate the Plaintiffs for legal services at a rate of $275.00 per hour.

b. The Defendant would honor his NSF check written on June 25, 2007, in the amount of $14,022.58 for partial payment of legal fees owed to the Plaintiffs.

c. The Defendant would honor his NSF check written on June 29, 2007, in the amount of $14,022.58 for partial payment of legal fees owed to the Plaintiffs.

d. The Defendant would honor his NSF check written on July 3, 2007, in the amount of $18,039.58 for partial payment of legal fees owed to the Plaintiffs.

e. The Defendant would abide by the terms of the Settlement Agreement entered into on October 26, 2007, wherein he agreed to

        make payments on the debt incurred to the Plaintiffs by writing the dishonored checks.

f. That Leon D. Sweatt and Sharon Sweatt would honor their NSF check written on the inducement of Defendant in the amount of $18,039.58 for partial payment of legal fees owed to the Plaintiff.

g. The Defendant would honor his NSF check written December 5, 2007 in the amount of $2,000.00 for partial payment of legal fees owed the Plaintiffs.

29. The representations of the Defendant were false when they were made.

30. Defendant George Hutchinson, knew that the representations were false when they were made or were made recklessly, without knowing whether they were true.

31. Defendant, George Hutchinson intended Plaintiff to rely on his representations.

32. Plaintiff did rely on the representations of George Hutchinson that payment would be made for services rendered.

33. Plaintiff should rely on the representation of George Hutchinson that his checks as identified above were returned for non-sufficient funds, as expressly stated by George Hutchinson.

34. Plaintiff should rely on the representation of George Hutchinson that the check paid by Leon D. Sweatt and Sharon Sweatt would not be returned for non-sufficient funds, as expressly stated by George Hutchinson.

35. Pursuant to MCLA 600.2952, Plaintiff is entitled to the full amount of the dishonored check plus 2 times the amount and costs of 250.00 for each check returned for having non-sufficient funds.

WHEREFORE, Plaintiff requests that this Honorable court grant Plaintiff's actual economic damages in the amount of $54,368.74 resulting from the dishonored checks before entry of the Settlement Agreement against the Defendant and an additional $6,390.00 for the dishonored check dated December 5, 2007, for a total of $60,758.74 plus interest, costs and attorney fees.

**Count II**
**Breach of Contract**

35. Plaintiff hereby incorporates and adopts by reference Paragraphs 1 through 30 as if fully set forth herein.

36. Defendant George Hutchinson entered into a Settlement Agreement with Hardin & Associates, P.C. and Kenneth J. Hardin II on October 26, 2007, for payment of the debt owed to Plaintiffs for legal services provided to the Defendant by the Plaintiffs. (Attached hereto as Exhibit "F")

37. The Settlement Agreement provided payment on the debt owed to the Plaintiff's by the Defendant, in bi-monthly payments, for a total of 30,000.00 to be paid on or before December 10, 2007.

38. The Settlement Agreement stated that if the Defendant defaulted on any payments the Plaintiff's would have the right to execute on the default judgment for the full amount.

39. The Defendant breached the terms of the Settlement Agreement by failing to make payments.

40. Pursuant to the terms of the Settlement Agreement, the Defendant now owes the Plaintiffs the sum of $54,268.74.

WHEREFORE, Plaintiff requests that this Honorable court grant Plaintiff's actual economic damages in the amount of $54,368.74 resulting from the dishonored checks before entry of the Settlement Agreement against the Defendant and an additional $6,390.00 for the dishonored check dated December 5, 2007, for a total of $60,758.74 plus interest, costs and attorney fees.

Respectfully Submitted,

HARDIN & ASSOCIATES, PC

Nicole L. Thompson (P64876)
Kenneth J. Hardin II (P44681)
Douglas Moseley (P30678)
30150 Telegraph Rd., Ste. 345
Bingham Farms, MI 48025
Attorneys for Defendant
248-723-9900

Dated: March 14, 2008

0110

74-347/724
9139

DATE 6/25/2007

PAY TO THE ORDER OF Attorney Harden & Associates, P.C. $ 14022 58/100

Fourteen thousand and twenty two 58/100 DOLLARS

Huntington

www.huntington.com

FOR Attorney Fees Renaissance Group Management

⑈000110⑈ ⑆072403473⑆ 01381780077⑈ ⑈0001402258⑈

OrigSeq:22809820 Date:06/25/2007 Sequence:22809820 Serial#:110 Account:1381780077 TranCode:0 Amount:$14,022.58 Reform Acct:1381780077

Harden & Associates, P.C.
For deposit only

0104 17048

CITIZENS BANK
FLINT, MICHIGAN

P072400052C4

0022809820 4 024 40
06252007 0072400052C4

EXHIBIT

A

1024

**RENAISSANCE GROUP AND MANAGEMENT**
39500 W. 14 MILE RD. STE. 216
COMMERCE TOWNSHIP, MI 48390-3908

DATE 6/24/2007

9-91/720 315

PAY TO THE ORDER OF Hardin & Associates $ 14,022.58

Fourteen thousand and twenty-two 58/00 DOLLARS

National City

FOR Renaissance Legal Fees

⑈00001024⑈ ⑆072000915⑆ 983415935⑈ ⑈0001402258⑈

OrigSeq:21610990 Date:06/29/2007 Sequence:21610990 Serial#:1024 Account:983415935 TranCode:0 Amount:$14,022.58 Reform Acct:983415935

ENDORSE HERE

Hardin & Associates PC

0113 69625

CITIZENS BANK
FLINT, MICHIGAN
48502-2401

▸072 400 528◂

JUN 29 07

0021610990 11 020 1
06292007 ▸0724005284

EXHIBIT B

1025

**RENAISSANCE GROUP AND MANAGEMENT**
39500 W 14 MILE RD. STE 216
COMMERCE TOWNSHIP, MI 48390-3908

DATE 7/3/2007

9-91/720 315

PAY TO THE ORDER OF HARDIN & ASSOCIATES $ 18039 58

Eighteen thousand and thirty nine 58/100 DOLLARS

National City

FOR Acc. Payed In Full

⑈00001025⑈ ⑆072000915⑆ 983415935⑈ ⑈0001803958⑈

OrigSeq:22164570 Date:07/03/2007 Sequence:22164570 Serial#:1025 Account:983415935 TranCode:0 Amount:$18,039.58 Reform Acct:983415935

ENDORSE HERE

Hardin & Associates

CITIZENS BANK
FLINT

JUL -3 07

0022164570 11 017 4
07032007

EXHIBIT

C

Leon D. Sweatt
Sharon Sweatt
13690 Garfield
Redford, Mi 48239

9-91/720 301
768385454

772

Date 7/2/07

Pay to the order of Hardin & Ass $ 18,039.55

eighteen thousand thirty nine dollar 55/100

**National City.**
National City Bank of the Midwest
Detroit, Michigan

Memo Attorney fee in full

⑆072000915⑆ 768385454⑈ 0772

EXHIBIT D

07/09/2007 12:33 FAX 005



Approved, SCAO

Original - Court

07-084764-CK
JUDGE FRED M. MESTER
HARDIN,KENNET V RENAISSANCE

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6th JUDICIAL CIRCUIT | DEFAULT REQUEST, AFFIDAVIT, ENTRY AND JUDGMENT (SUM CERTAIN) | CASE NO. |
|---|---|---|

Court address

1200 N Telegraph Rd., Pontiac MI 48341 (248) 858-1000

RECEIVED FOR FILING 2007 SEP 18 A 9:5 CLERK

| Plaintiff name(s), address(es), and telephone no(s) | Defendant name(s), address(es), and telephone no(s). |
|---|---|
| Kenneth J. Hardin II & Hardin & Associates, P.C.<br>30150 Telegraph Rd., #345<br>Bingham Farms MI 48025<br>(248) 723-9900 | George Hutchinson, 6022 Charles Dr., W Bloomfield Mi 48322<br>Leon Sweatt and Sharon Sweatt, 13590 Garfield Rd Redford MI 48239<br>Renaissance Group Management a/k/a Renissance Group |
| **Plaintiff attorney, bar no., address, and telephone no.** | **Defendant attorney, bar no., address, and telephone no.** |
| Kenneth J. Hardin II (P44681)<br>Nicole L. Thompson (P64786)<br>30150 Telegraph Rd., #345<br>Bingham Farms MI 48025<br>(248) 723-9900 | & Management, 39500 14 Mile Road, Commerce Twp MI 48390 |

USE NOTE Plaintiff must complete the Request and Affidavit and the Default Judgment before filing with the court.

**REQUEST AND AFFIDAVIT** 1. I request a default entry against Renissance Group Management a/k/a Renissance Group & Management for failure to appear.

2. The claim against the defaulted party is for a sum certain or for a sum which by computation can be made certain, and the plaintiff requests judgment in the amount of $ 54,118.74 from the defaulted party.

3. The defaulted party is not an infant or incompetent person.

4. [ ] It is unknown whether the defaulted party is in the military service. [✓] The defaulted party is not in the military service.
[ ] The defaulted party is in the military but there has been notice of pendency of the action and adequate time and opportunity to appear and defend (attached, as appropriate, is a waiver of rights and protections provided under the Servicemembers Civil Relief Act).
Facts upon which this conclusion is based are: (specify) ____________

5. The claim [ ] is [✓] is not based on a note or other written evidence of indebtedness (if so, evidence is attached for filing and cancellation by the clerk).

[signature] Applicant/Attorney signature P44681 Bar no.

Subscribed and sworn to before me on 9-17-07 (Date), Oakland County, Michigan.

My commission expires: 3-22-2014 (Date) Signature: [signature] Deputy court clerk/Notary public

Notary public, State of Michigan, County of Oakland

FRANCES C. TADAJEWSKI
NOTARY PUBLIC, STATE OF MI
COUNTY OF OAKLAND
MY COMMISSION EXPIRES Mar 22, 2014
ACTING IN COUNTY OF Oakland

**DEFAULT ENTRY** The default of the party named above for failure to appear is entered.

[ ] A note or other written evidence of indebtedness has been filed for cancellation.

SEP 18 2007
Date

RUTH JOHNSON
Court clerk [signature]

**DEFAULT JUDGMENT** **IT IS ORDERED** this judgment is granted in favor of the plaintiff(s) as follows:

*Attach bill of costs if statutory limit is exceeded.

Damages: $ 54,118.74 Costs: $ 150.00 Attorney fee/Other: $ ____ Total judgment: $ 54,268.74

(This judgment will earn interest at statutory rates, computed from the filing date of the complaint.)

Judgment interest accrued thus far is $ 409.71 and is based on: (if needed, attach separate sheet)

[ ] the statutory rate of ____ % from ____ to ____.

[✓] the statutory 6-month rate(s) of 5.741 % from 08/01/2007 to 09/17/2007.

SEP 18 2007
Date

RUTH JOHNSON
Court clerk/Judge [signature]

This judgment has been entered and will be final unless, within 21 days of default judgment date, a motion to set aside default is filed.

**CERTIFICATE OF MAILING** I certify that on this date copies of this default entry and default judgment were served on the parties or their attorneys by first-class mail to their last-known addresses.

Sept 18, 2007
Date

[signature]
Signature

EXHIBIT E

MCL 32.517, MCL 600.2441, MCL 60[...]

MC 07a (5/07) DEFAULT REQUEST, AFFIDAVIT, ENTRY, AND JUDGMENT (SUM CERTAIN) MCR 2[...]

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into as of the 26 day of October, 2007, between the Plaintiffs KENNETH J. HARDIN, II and HARDIN & ASSOCIATES, P.C. ("Hardin") and Defendants RENAISSANCE GROUP & MANAGEMENT, INC., RENAISSANCE GROUP MANAGEMENT, INC. and GEORGE HUTCHINSON, LEON D. SWEATT and SHARON SWEATT ("Defendants").

**WHEREAS,** Hardin was retained by Defendants to provide legal services.

**WHEREAS,** Defendant issued four (4) checks to Hardin for payment of legal services and all four (4) checks were returned for having non-sufficient funds.

**WHEREAS,** a Judgment of $54,268.74 was entered on behalf of Hardin and against Defendants on September 18, 2007.

**WHEREAS,** the purpose of this Agreement is to resolve all existing and potential claims and outstanding obligations amongst Hardin and Defendants ("The Parties"), relating to the Judgment.

**NOW, THEREFORE,** in consideration of the payment to Hardin by Defendants of the sum of Thirty-Five Thousand Dollars and 00/100 ($35,000.00) the ("Settlement Amount") and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by The Parties, it is agreed as follows:

1. Defendants will pay the Settlement Amount as follows:

   A) $2,000 by October 29, 2007;

   B) ~~$2,000 by November 2, 2007;~~ GH. KJH

   C) $2,000 by November 9, 2007;

D) $2,000 by November 16, 2007;

E) $2000 by November 23, 2007;

F) $2,000 by November 30, 2007;

G) $2,000 by December 7, 2007;

H) $2,000 by December 14, 2007;

i) $2,000 by December 21, 2007;

J) $2,000 by December 28, 2007;

K) $2,000 by January 5, 2008;

L) $2,000 by January 11, 2008;

M) $2,000 by January 18, 2008;

N) $2,000 by January 25, 2008;

O) $2,000 by February 1, 2008;

P) $2,000 by February 8, 2008;

Q) $2,000 by February 15, 2008; and

R) $3,000 by February 22, 2008.

Defendants shall be given a five (5) day grace period for all checks due on or after November 2, 2007.

2. As long as payments are made as described in paragraph 1 above, Defendants, at their discretions, may pay the total sum of $30,000.00 on or before December 10, 2007 for a full and final satisfaction of this Agreement.

3. The payments are to be made payable to Hardin & Associates, P.C. and will be delivered to 30150 Telegraph Road, Suite 345, Bingham Farms, MI 48025 on or before the date specified in paragraph 1.

4. If Defendants fail to make any payment of the Settlement Amount when due, or if any of the checks are returned for having non-sufficient funds, Hardin will have the right to execute on the Judgment in the amount of $54,268.74 plus interest, costs and attorney fees incurred from the date of the Judgment forward.

5. Defendants hereby acknowledge that the Judgment entered in favor of Hardin and against Defendants in the amount of $54,268.74 is valid and enforceable. Said Judgment was properly served, noticed and entered and Defendants have no meritorious defense to the Judgment.

6. Once the Settlement Amount is paid in full, The Parties agree to release and forever discharge The Parties, their officers, directors, shareholders, agents, subsidiaries, affiliates and representatives, attorneys, successors, and heirs and assigns, from any and all claims, demands, debts, liabilities and causes of action at law or in equity, known or unknown, suspected or unsuspected, that they have now or may ever have against The Parties, their officers, directors, shareholders, agents, subsidiaries, affiliates, and representatives, attorneys, successors, and heirs and assigns, related to, arising out or resulting from any matters, whatsoever, excepting on those obligations imposed upon Defendants under this Agreement.

7. **Governing Law.** This Agreement shall be governed by and interpreted in accordance with the laws of the State of Michigan.

8. **Partial and Validity.** Should any paragraph or provision or clause of this Agreement be found to be ineffective, invalid or unenforceable, the remainder of this Agreement shall be valid and enforceable, and the parties shall negotiate, in good faith, a substitute, valid and enforceable provision which more nearly affects The Parties'

intent in entering into this Agreement.

9. **Entire Agreement.** This Agreement constitutes the entire Agreement of The Parties as to the subject matter hereof. There are no other Agreements, written or oral, expressed or implied, between the parties hereto, except as set forth in this Agreement.

10. **Voluntary Execution of this Agreement.** This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the parties hereto, with full intent of releasing certain claims by The Parties. The Parties acknowledge that:

A) They have read this Agreement;

B) They have been represented in the preparation, negotiation, and execution of this Agreement by legal counsel of their own choice or have opportunity to do so;

C) They understand the terms and consequences of this Agreement and of the releases and waivers it contains; and they have not relied upon any representations or statements made by the other party, which are not specifically set forth in this Agreement;

D) They are fully aware of the legal and binding effect of this Agreement.

11. **Execution by Separate Writings.** This Agreement may be executed in two or more counter parts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

12. **Joint Draftsmanship**. Each of The Parties hereto has joined in and contributed to the drafting of this Agreement and each of the parties hereto hereby agree that there shall be no presumptions favoring or burdening any one or more parties hereto based upon draftsmanship.

**IN WITNESS WHEREOF,** they have executed this Agreement on the date set forth below:

Date: 10/26, 2007

**RENAISSANCE GROUP & MANAGEMENT, INC. and RENAISSANCE MANAGEMENT, INC.**

By: [signature]

Its: President

Date: 10/26, 2007

**GEORGE HUTCHINSON, Individually**

[signature]
George Hutchinson

Date: __________, 2007

LEON D. SWEATT

Date: __________, 2007

SHARON SWEATT

Subscribed and sworn to before me this _____ day of _________, 2007.

Notary Public

Date: __________, 2007

**HARDIN & ASSOCIATES, P.C.**

By: ______________________________
Kenneth J. Hardin II
Its: President

Date: __________, 2007

**KENNETH J. HARDIN II, Individually**

______________________________
Kenneth J. Hardin II

1030

RENAISSANCE GROUP MANAGEMENT II LLC 07-07
5715 WILL CLAYTON
STE. 3351
HUMBLE, TX 77338

9-32/720 829

DATE 12-5-2007

PAY TO THE ORDER OF Kenneth Hardin. $ 2,000.00

Two thousand 00/100 DOLLARS

REFER TO MAKER

CHASE
JPMorgan Chase Bank, N.A.
Detroit, Michigan 48226
www.Chase.com

FOR November 30, 2007 Payment

⑈001030⑈ ⑆072000326⑆ 732484845⑈ ⑈0000200000⑈

**Charge Back Item**

Citizens Bank - MI
Date: 12-10-2007
Acct: 000000[redacted]

800-806-1692

Please be advised that the check(s) listed - which was deposited to your account - has been returned unpaid. Please deduct all items and any applicable fees from your balance. To determine if fees have been assessed please call the number above.

| REASON | AMOUNT |
|---|---|
| Refer to Maker | 2000.00 |

HARDIN & ASSOCIATES, P.C.
KENNETH J HARDIN II
30150 TELEGRAPH RD SUITE 345
BINGHAM FARMS MI 48025

RECEIVED
DEC 13 2007

Item(s) Charged Back 1
Items Total $ 2000.00

EXHIBIT 6